UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

CHRISTOPHER CIESLA,

                                        Plaintiff,

v.                                                                    Civil Action No. _____

FORSTER & GARBUS, LLP. And
PORTFOLIO RECOVERY ASSOCIATES, LLC.

                                        Defendant.

_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

## I. INTRODUCTION

1.  This is an action for actual and statutory damages brought in response to Defendants'
    violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter
    "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and
    unfair practices, and the Telephone Consumer Protection Act of 1991 (hereinafter
    referred to as the "TCPA").

## II. JURISDICTION AND VENUE

2.  Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3.  Plaintiff's cause of action under the TCPA is predicated upon the same facts and
    circumstances that give rise to their federal cause of action. As such, this Court has
    supplemental jurisdiction over Plaintiff's TCPA causes of action pursuant 28 U.S.C.
    §1367.

4.  Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendants transact
    business here and the conduct complained of occurred here.

## III. PARTIES

2.  Plaintiff Christopher Ciesla is a natural person residing in the County of Erie and State of
    New York, and is a "consumer" as that term is defined by 15 U.S.C.§1692a(3).

1

3. Defendant Forster & Garbus, LLP (hereinafter "Forster & Garbus") is a domestic registered limited liability partnership organized and existing under the laws of the State of New York and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

4. Defendant Forster & Garbus regularly attempts to collect debts alleged to be due another.

5. Defendant Portfolio Recovery Associates, LLC (hereinafter "Portfolio") is a foreign limited liability company organized and existing under the laws of the State of Delaware.

6. The acts of each Defendant alleged hereinafter were performed by its respective employees acting within the scope of their actual or apparent authority.

7. All references to "Defendant Forster & Garbus" herein shall mean the Defendant Forster & Garbus or an employee of said Defendant.

8. All references to "Defendant Portfolio" herein shall mean the Defendant Portfolio or an employee of said Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff allegedly incurred a consumer obligation to Citibank, N.A. This debt will be referred to as the "subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff allegedly defaulted on the subject debt.

12. That sometime after the alleged default, Defendant Portfolio allegedly acquired the subject debt.

13.

14. In or about 2014, Defendant Portfolio began calling Plaintiff on his cellular telephone and home telephone multiple times per week, often multiple times per day, in an attempt to collect on the subject debt.

15. Defendant Portfolio initiated multiple telephone calls to Plaintiff's cellular telephone and home telephone using an automated telephone dialing system and/or transmitted prerecorded voice messages and/or transmitted messages using an artificial voice.

16. Plaintiff never gave permission or consent to Defendant Portfolio to call his cellular telephone.

17. That upon information employed Defendant Forster & Garbus to collect the subject debt.

2

18. That Defendant Forster & Garbus, on June 12, 2015, filed a lawsuit in Buffalo City Court against the Plaintiff on behalf of Defendant Portfolio in an attempt to obtain a judgment for the alleged subject debt.

19. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. COUNT ONE
(Fair Debt Collection Practices Act
and 15 U.S.C. §1692 et seq.)

20. Plaintiff repeats, realleges and incorporates by reference the allegations contained in paragraphs 1 through 19 above.

21. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

   A. Defendant Portfolio violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly causing Plaintiff's telephone to ring with the intent to annoy, abuse or harass.

   B. Defendant Forster & Garbus and Defendant Portfolio violated 15 U.S.C. §1692i(a)(2) by filing a law suit against the Plaintiff in improper judicial district.

   C. Defendant Portfolio violated 15 U.S.C. §1692e and 15 U.S.C. §1692e(5) by calling the Plaintiff on his cellular telephone using an automated dialing system and/or leaving pre-recorded messages without first obtaining the Plaintiff's consent to make such calls.

22. That Defendant Portfolio is vicariously liable for the tortious acts of Defendant Forster & Garbus described herein pursuant to the laws of agency and otherwise.

23. That as a result of the Defendant FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

## VI. COUNT TWO
(Telephone Consumer Protection Act of 1991
and 47 C.F.R.64.1200, et seq.)

32. Plaintiff repeats, realleges and incorporates by reference the preceding and succeeding paragraphs in this complaint as if each of them was reprinted herein below.

33. The Defendant at all times material and relevant hereto, unfairly, unlawfully, intentionally, deceptively and/or fraudulently violated the TCPA, 47 U.S.C.§227, et seq. and 47 C.F.R.14.1200, et seq. and TCPA, 47 U.S.C.§227(b)(1)(A)(iii) by initiating telephone calls to Plaintiff's cellular telephone using an automated telephone dialing system and/or using an artificial and/or prerecorded voice to deliver messages without having the consent of Plaintiff to leave such messages.

34. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this Complaint, were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

35. The acts and/or omissions of the Defendant at all times material and relevant hereto, as described in this Complaint, were not acted or omitted pursuant to 47 C.F.R.§64.1200(f)(2).

36. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, caused the Plaintiff to sustain damages as a result of their innumerable telephone calls that harassed, annoyed and abused Plaintiff, and disturbed his peace and tranquility at home and elsewhere.

37. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, caused the Plaintiff to sustain damages and experience severe emotional distress.

38. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this Complaint, is liable to actual damages, statutory damages, treble damages, and costs and attorneys' fees.

39. Plaintiff received multiple telephone calls from an automatic telephone dialing system and/or an artificial and/or prerecorded voice entitling Plaintiff to Five Hundred Dollars and No Cents ($500.00) for each artificial and/or prerecorded telephone call pursuant to the TCPA, 47 U.S.C.§227(b)(3)(B).

40. The Defendant caused said telephone calls of an artificial and/or prerecorded nature to be placed willfully and/or knowingly entitling each Plaintiff to a maximum of treble damages, pursuant to TCPA, 47 U.S.C.§227(b)(3)

4

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a) Actual damages;

(b) Statutory damages pursuant to 15 U.S.C. §1692k and 47 U.S.C.§223(b)(3)(B).

(c) Treble statutory damages pursuant to 47 U.S.C. §227b(3).

(d) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(e) For such other and further relief as may be just and proper.

## VII. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated:  August 3, 2015

/Seth J. Andrews, Esq.
Kenneth R. Hiller, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email:sandrews@kennethhiller.com
        khiller@kennethhiller.com